IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY WILLERT, LISA WILLERT,
LASERMASTERS, LLC, and GPS HOLDINGS,
LLC,

                      Plaintiffs,                      ORDER

   v.

                                                17-cv-496-jdp

BRUCE ANDRE and LIBERTY PARTS TEAM,
INC.,

                      Defendants.

---

       Plaintiffs Gary and Lisa Willert are the sole members of plaintiff LaserMasters, LLC, which is in the business of refurbishing printer cartridges. In 2014, LaserMasters, through its subsidiary, plaintiff GPS Holdings, LLC, acquired Global Printer Services, Inc., (a printer remanufacturer) from defendant Bruce Andre. Plaintiffs allege that Andre subsequently breached the contract covering the acquisition by encouraging several GPS employees to leave GPS and work for its competitor, defendant Liberty Parts Team, Inc., instead and falsely informing GPS's customers that GPS had gone out of business. Plaintiffs allege that Liberty then stopped paying LaserMasters for the printers, parts, and other supplies it purchased. Plaintiffs assert claims of breach of contract, breach of implied covenant of good faith and fair dealing, tortious interference with contract relationship, misappropriation of trade secrets, unfair competition, and defamation against defendants. Dkt. 1.

       Plaintiffs invoke this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. But because the allegations in the complaint are insufficient to determine whether diversity

jurisdiction actually exists, the court will direct plaintiffs to file an amended complaint containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

Here, plaintiffs allege that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse in citizenship. Dkt. 1, ¶ 1. For the latter to be true, however, plaintiffs cannot be citizens of the same state as any defendant. *Smart*, 562 F.3d at 803. Plaintiffs' allegations regarding the parties' citizenships are insufficient to allow the court to determine whether this is the case.

Plaintiffs allege that Andre resides in Wisconsin. But this allegation does not establish Andre's citizenship. "Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile." *Lake v. Hezebicks*, No. 14-cv-143, 2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). Plaintiffs will need to amend their complaint to properly allege the Andre's citizenship.[1]

---

[1] Plaintiffs allege that Gary and Lisa Willert are citizens of Arizona and the sole members of

Before dismissing this action for lack of subject matter jurisdiction, the court will give plaintiffs a short deadline to file an amended complaint that establishes subject matter jurisdiction by alleging the citizenship of each party.

ORDER

IT IS ORDERED that:

1. Plaintiff may have until July 25, 2017, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered July 11, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

LaserMasters, which is in turn the sole member of GPS, and that Liberty is a Wisconsin corporation with its principal place of business in Wisconsin. These allegations are sufficient to establish the remaining parties' citizenships.