IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY WILLERT, LISA WILLERT,
LASERMASTERS, LLC, and GPS HOLDINGS,
LLC,

        Plaintiffs,        ORDER

 v.

                       17-cv-496-jdp

BRUCE ANDRE and LIBERTY PARTS TEAM,
INC.,

        Defendants.

---

Plaintiffs Gary and Lisa Willert are the sole members of plaintiff LaserMasters, LLC, which is in the business of refurbishing printer cartridges. In 2014, LaserMasters, through its subsidiary, plaintiff GPS Holdings, LLC, acquired Global Printer Services, Inc., (a printer remanufacturer) from defendant Bruce Andre. Plaintiffs allege that Andre subsequently breached the contract covering the acquisition by encouraging several GPS employees to leave GPS and work for its competitor, defendant Liberty Parts Team, Inc., instead and falsely informing GPS's customers that GPS had gone out of business. Plaintiffs further allege that Liberty then stopped paying LaserMasters for the printers, parts, and other supplies it purchased. Apparently, The Willerts stopped paying on their promissory note, which prompted Andre to sue them in state court. *See Andre v. Willert*, No. 17-cv-598 (Dane Cty. Cir. Ct. filed Mar. 13, 2017). So plaintiffs, not content to resolve their issues in a suit filed by Andre, filed suit in this court asserting state-law claims of breach of contract, breach of implied covenant of good faith and fair dealing, tortious interference with contract relationship, misappropriation of trade secrets, unfair competition, and defamation against defendants. Dkt. 1.

The issue now before the court is Andre's motion to stay this case. Dkt. 12. He contends that a stay is required under the *Colorado River* abstention doctrine because this case involves the same issues as his state-court case. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Plaintiffs do not oppose, and Liberty affirmatively supports the motion for a stay, contending that this case and Andre's state-court case are "almost perfectly parallel." Dkt. 19, at 1. The court must conduct its own analysis.

Under *Colorado River*, a federal court may, in exceptional circumstances, stay a suit in favor of a parallel state-court proceeding to promote "wise judicial administration." *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Colo. River*, 424 U.S. at 818). "[T]he mere fact that an action is pending in state court is ordinarily no bar to parallel federal proceedings." *Id.* (quoting *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989)). "[A]bstention is the exception," not the norm. *Id.* (quoting *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 550 (7th Cir. 1997)).

The Seventh Circuit has provided a two-step framework for determining whether a stay is appropriate. "First, the court must consider 'whether the concurrent state and federal actions are actually parallel.' [Second,] the court must consider a number of non-exclusive factors that might demonstrate the existence of 'exceptional circumstances.'" *Id.* (quoting *LaDuke*, 879 F.2d at 1559). If the party seeking abstention fails to convince at either step, the federal court will not stay the case.

As the first step of the analysis, Andre must show that the two cases are parallel by demonstrating that "substantially the same parties are contemporaneously litigating substantially the same issues simultaneously in another forum." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (quoting *Clark*, 376 F.3d at 686). "The critical question is

whether there is a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Id.* (quoting *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011)). Andre contends that this case is parallel to *Andre v. Willert* because there is an overlap in the subject matter at issue and in the parties to the dispute.

It's true that the Willerts, LaserMasters, and Andre are parties in both suits. But Andre has not shown that the two suits involve substantially the same issues. He states that *Andre v. Willert* is an action "to collect approximately $1.5 million on a defaulted promissory note from the Willerts, unconditionally guaranteed by LaserMaster[s]." Dkt. 13, at 1. The court understands that the promissory note at issue is part of the Membership Interest Purchase Agreement (MIPA) between Andre and the Willerts, LaserMasters, and GPS Holdings referred to in plaintiffs' amended complaint. *See* Dkt. 8, ¶ 51; Dkt. 1-2. Plaintiffs' default on the promissory note and breach of the MIPA is relevant to some of their claims in this suit, particularly the breach of contract claim, but it appears irrelevant to the majority of their claims, such as tortious interference with contract relationship, misappropriation of trade secrets, unfair competition, and defamation. Andre states that "the majority of the paragraphs in the Complaint here are virtually verbatim from the various Counterclaims of [p]laintiffs in" *Andre v. Willert*, Dkt. 13, at 6, but he does not explain what those counterclaims are, nor does he provide a copy of the state court pleadings.[1] Nor does he explain how resolution of the counterclaims against Andre, the sole plaintiff in *Andre v. Willert*, could dispose of the claims against Liberty in this case—and those claims make up half of this suit.

---

[1] Andre's sole description of the counterclaims is this: "Defendants file Answer, Affirmative Defenses and Counterclaims in [*Andre v. Willert*], including claims of allegedly 'poaching' employees and theft of 'confidential information and trade secrets' from GPS Holdings." Dkt. 13, at 2.

This court has a "'virtually unflagging obligation' to exercise the jurisdiction Congress has conferred," and Andre has failed to offer enough to clear the high hurdle necessary for abstention. *Huon*, 657 F.3d at 649 (quoting *Colo. River*, 424 U.S. at 817). Because the state court proceedings are not parallel to this case, the court will deny Andre's motion to stay. Given that the state and federal cases are not parallel, the court need not take up step two of the analysis and address the factors that determine whether this case presents "exceptional circumstances." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) ("If the actions are not parallel, the *Colorado River* doctrine does not apply.").

One last point. Although the court will not stay this particular case, it's apparent that the parties' dispute has erupted into several overlapping but separate lawsuits.[2] The court does not care if the parties want to waste their own time with redundant litigation, but other litigants actually need the court's help. So if this case is actually overlapping with Andre's state-court case, then plaintiffs should dismiss it. They risk paying defendants' attorney fees if they do not.

---

[2] Two other related court proceedings were recently resolved. Plaintiffs voluntarily dismissed *Willert v. Andre*, No. 17-cv-1723 (D. Ariz. Filed June 2, 2017), on June 21, 2017. And the Dane County Circuit Court granted a default declaratory judgment in Andre's favor on July 24, 2017, in *Andre v. GPS Holdings, LLC*, No. 17-cv-925 (Dane Cty. Cir. Ct. filed Apr. 17, 2017).

ORDER

IT IS ORDERED that defendant Bruce Andre's motion for stay, Dkt. 12, is DENIED.

Entered August 18, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge