IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY AND LISA WILLERT, *et al.*,

    Plaintiffs,

v.

BRUCE ANDRE, *et al.*,

    Defendants.

ORDER

17-cv-496-jdp

---

This case is part of a pack of lawsuits arising out of a business transaction that went south. Currently before the court are two discovery motions: plaintiffs' motion (dkt. 46) to compel defendant Andre to replace his PDF document compilations with more user-friendly disclosures, and plaintiffs' motion (dkt. 52) for protection from defendants 452 requests for admissions, asking for a limit of 25. Defendants oppose both motions. *See* dkts. 48 and 95. Plaintiffs lose their first motion but win the second.

As for the first motion, it seems that the parties previously exchanged much of the same document discovery in a collateral state case, but then in this subsequent federal lawsuit, they never agreed on a production format. Plaintiffs produced their documents in TIFF, defendants in PDF. Defendants dispute plaintiffs' current contention that defendants' production in this case is virtually random and inscrutable. Defendants report that they organized its PDF files separately by the individuals involved in the communications, and that most of the files are short (some only five pages) and the longest is only 69 pages. Defendants point out that plaintiffs have the option of scanning and processing defendants' PDF files through an OCR module to obtain the ability to search the documents in the manner in which they wish. Defendants close with a pot-meet-kettle swipe at plaintiffs, accusing them of more egregious document disclosure violations.

From the court's perspective, it is up to the parties to agree up front on the details of document production. They fail to nail this down at their own peril. In the absence of misconduct significantly more severe than that alleged by plaintiffs here, this court is not going to micromanage what constitutes "reasonably usable form." Plaintiffs will have to make do with what they've got.

The court has more sympathy for plaintiffs' complaint about being served with 452 RFAs, including for example, No. 9, asking plaintiffs to "admit Andre has not breached or continued to breach the terms of the asset purchase agreement," and No.84, asking plaintiffs to "admit GPS breached its duty of good faith and fair dealing related to the separation agreement." A rhetorical question: do the defendants actually expect plaintiffs to admit to RFAs like this? They're good enough lawyers to know better. Plaintiffs cite a number of cases that support their position; further, in this court's experience, RFAs are a weak discovery tool whose utility is limited to taking off of the table only the most mundane facts. Propounding RFAs that ask your opponent to admit total defeat is just pointless typing.

Defendants concede nothing, contending that their RFAs are appropriate to force plaintiffs to concede that they have no evidence and no legal authority to support their claims. Defendants cite to *Bonner v. O'Toole*, 2012 WL 6591720 (N.D. Ill. 2012) for support, and Magistrate Judge Keys did in fact make the statements quoted by defendants. But that case involved expansive *Monell* claims against the City of Chicago and its police department, with each claim consisting of multiple allegations and sub-allegations, which the defendants' RFAs tracked to obtain evidentiary facts. Even if this court agreed with Judge Keys's view of the

efficacy of RFAs–and I do not–the circumstances of the claims and the course of discovery in *Bonner* are distinguishable from the instant lawsuit.

Having considered both sides positions, I conclude that defendants' RFAs are abusive in number and in content. Plaintiffs are excused from answering them as framed. Defendants may pose no more than 25 RFAs to the Willerts jointly, no more than 25 RFAs to LaserMasters LLC, and no more than 25 RFAs to GPS Holdings, LLC, with each RFA directed to adducing the admission or denial of one concrete fact.

## ORDER

It is ORDERED that:

(1) Plaintiffs' motion to compel (dkt. 46) is DENIED.

(2) Plaintiffs' motion for a protective order is GRANTED.

(3) Given this split decision, pursuant to Rule 37(a)(5)(A) & (B), each side will bear its own costs on both motions.

Entered this 14th day of May, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge